ELDON R. CARVER, as Receiver of the Property of DAVID F. BARKER, Respondent, *v.* DAVID F. BARKER and IDA B. BARKER, Appellants.

*Conveyance by a husband to his wife, in fraud of creditors — declarations of the defendant grantor.*

In an action brought to set aside a conveyance of real property made by a husband to his wife, as fraudulent as against subsequent creditors of the husband, it appeared that the conveyance was voluntary and without consideration and left the grantor insolvent ; the deed to his wife was promptly recorded, but the husband continued in the management and control of the property, made purchases, including purchases of materials for improvements to ·the house on the property in question, in his own name on credit, falsely stating, when inquiries were made, that he still owned the property ; after such transfer, an exchange of the property for other land was brought about by the husband, in accordance with a previously formed plan, and the land taken in exchange was managed by him as his own.

*Held,* that the evidence warranted the finding of a fraudulent intent on the part of the husband, with knowledge thereof by the wife.

The property transferred by the husband to his wife had passed into the ownership of a *bona fide* purchaser for value.

*Held,* that the property itself was protected against the claims of the husband's ·creditors, but that the property taken in exchange therefor in equity took its place and should be applied to the satisfaction of such claims.

In an action brought against a grantor and grantee, to set aside a conveyance as fraudulent as against creditors of the grantor, admissions or declarations of the grantor are competent as against himself although not admissible as against or binding upon the grantee.

On the trial of such an action, the plaintiff having read in evidence parts of the testimony of the defendant grantor given in supplementary proceedings against him, the defendants sought to read in evidence other parts of his testimony in explanation of what had been read. The grantor was present at the trial, and · the defendants were not permitted to read his testimony.

*Held,* that such ruling was proper, as the witness was at the trial and his evidence was·available to the defendants upon all the essential and material points raised during the trial.

APPEAL by the defendants, David F. Barker and Ida B. Barker, from a judgment of the Supreme Court, entered in the office of the clerk of Broome county on. the 11th day of March, 1893, upon a decision of the court rendered after a .trial at the Broome Special Term, adjudging a certain conveyance and transfer to be fraudulent and void.

The action was brought to declare a conveyance made by the

defendant David F. Barker to the defendant Ida F. Barker, who were husband and wife, fraudulent, and to reach property taken by the fraudulent grantee in exchange therefor.

The opinion of the trial court, which sets forth the facts and which was approved by the General Term, was as follows :

" PARKER, J. :

" The conveyance of the property on De Russey street by Barker to his wife left him utterly insolvent. He was then owing his father some $1,400 or $1,900, and aside from a lot of store accounts that are not collected, and are evidently but of little value, and aside from the real estate, he had barely $500 to pay it with.

" Being in this condition, he had evidently formed the idea that, so far as subsequent creditors were concerned, he could put his property in his wife's name, and thus remove it beyond their reach. His statements to several of the witnesses show that such was his idea. He thereupon conveys to her all his real estate, practically without any consideration whatever, and moreover without any apparent reason or motive other than a mere change of the title from himself to her. The theory now advanced, that he wished to protect her in case of his death, does not seem to me to be sustained by the circumstances of the case. His health was not in a critical condition, no more so than was hers. They are both young people, without children, and it is quite improbable that he would have rendered himself insolvent for the mere purpose of providing for her in anticipation of his possible death, when if she had died before him the property would pass to her relatives instead of to him.

" After the transfer he really continues in the management and control of it, and proceeds to carry out his plan, previously formed, of exchanging it for a farm. Evidently the exchange and all the business by which the farm and the Morgan street property were acquired for the De Russey street property was brought about by him, and pursuant to his directions, and the apparent ownership of that property and of the farm, after they moved onto it, was, so far as its management indicated, in him. He, also, after the conveyance to his wife, continued to purchase property in his own name on credit, and in some instances, when inquiry was made, falsely stating that he still owned the De Russey street property.

" In other instances purchasing material with which to repair and improve the house in his own name and on his own credit. A large amount of the property so purchased by him, on credit, within a few months after the transfer to his wife, he mortgages to his father to secure the debt of $1,400 or $1,900 owing to him, and thus he provides, at the expense of subsequent creditors, for liquidating the debt existing at the time of the conveyance to his wife, and at the same time takes care that his father loses nothing by the transaction. From all the evidence in the case I have no doubt but that the purpose and intent of Barker was to accomplish just what his act resulted in, to wit, to buy property in his own name, and on the credit of his apparent ownership of the property which he occupied, sufficient to repair the house, stock his new farm, liquidate his debt to his father, and obtain as much more as could be procured on credit before the changed condition of his affairs became known, all without paying for the same, or rendering the property which was so recently his, and on which his credit was based, liable for the same. It is earnestly urged by the defendants' attorneys that, because the deed to his wife was promptly recorded, and thus notice given to all that Barker no longer owned it, such a transfer cannot be held fraudulent as against subsequent creditors. That the conveyance was recorded is, of course, a fact to be considered in determining what the intent of the parties was. Beyond that it has no bearing on the case, because if the intent was to defraud the conveyance is void, whether recorded or not. The recording of the conveyance might to some extent interfere with a plan to obtain credit on an apparent ownership of the property, but not only the practical effect of it in this case, but also our every-day experience, shows that such constructive notice operates but very little to prevent such credit being obtained for some time after the record is made. Few dealers search the records from month to month to see whether their customers still own the property they occupy, and Barker, I fancy, was not unaware of that fact. If his purpose was to notify all dealing with him that he no longer owned the property where he was living, he would have better succeeded, and dealt more honestly with them, had he told them of his changed condition instead of lying as to some and suppressing the truth as to others.

" As to his wife's having knowledge of his intent and purpose I

have no doubt but that she fully understood it. She could have hardly known all the facts, as she did, without so understanding it. But whether she did or not, she is a mere grantee without consideration, and has no equity that should be protected against the claims of these creditors. (*Starin* v. *Kelly*, 88 N. Y. 418; *Loos* v. *Wilkinson*, 110 id. 195.)

"The property transferred by Barker to his wife has passed into the ownership of a *bona fide* purchaser for value, and is, therefore, protected against the claims of Barker's creditors, but the property taken in exchange therefor in equity takes its place, and should be applied to the satisfaction of such claims."

On the trial the plaintiff's counsel read in evidence from the testimony of the defendant David F. Barker, given on his examination in supplementary proceedings.

Thereafter the defendants' counsel offered, in reference to explanations of David F. Barker, the parts of his testimony consisting of declarations which had been omitted by the plaintiff's counsel. This was objected to as something that the plaintiff had not offered, as not bearing upon the particular issues in question, as hearsay, and because the defendants should swear the witness himself on the points in question. The court sustained the objection.

*Babcock, Sperry & Van Cleve*, for the appellants.

*Cortland Wilber* and *A. D. Wales*, for the respondent.

HARDIN, P. J.:

After a perusal of the evidence bearing upon the vital issues in the case the conclusion is reached that the trial court was warranted in finding a fraudulent intent on the part of the husband, with the knowledge thereof in the wife to the extent stated in the findings of fact made by the trial judge, and the opinion delivered by the trial judge meets with our approval. This case differs quite essentially from *Neuberger* v. *Keim* (134 N. Y. 36).

(2) When Florence was upon the stand as a witness he was allowed to state a conversation held with David F. Barker, and upon objection being taken to portions of the evidence the court observed: "You object to all his statements to this witness and I allow them

for the purpose stated." The court had theretofore observed : " I will receive it as tending to show a fraudulent intent on the part of David F. Barker." A ruling was made when the witness Brown was upon the stand to the effect that the evidence would be received " as bearing upon the question of what his intent was." The ruling was repeated when the witness Ford was upon the stand, and when the plaintiff proposed to prove by Barker himself his situation and circumstances as to property, objections were stated by the defendants, and thereupon the court observed : " The objection is sustained as to Ida B. Barker; and evidence received as against David F. Barker as showing his statement." We think no prejudicial error was committed by the court in the rulings adverted to. Manifestly the court intended to keep within the rule as laid down by this court in *Scofield* v. *Spaulding* (54 Hun, 523), in which case it was held that the admissions or declarations of the grantor were competent evidence as against himself, as he was a party defendant. We discover no intention on the part of the trial judge to hold that such declarations were admissible or binding upon the female defendant, or to make a ruling contrary to our holdings in the *Spaulding* case.

(3) Nor do we think it was error to prevent the defendants from reading certain portions of the evidence taken in supplementary proceedings. The witness Barker was at the trial, and his evidence was available to the defendants upon all the essential and material points raised during the trial. Some other rulings were made during the trial to which attention has been given, and in them we find no error requiring us to disturb the conclusion reached at the Special Term.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.