In the Matter of the Judicial Settlement of the Accounts of MARGARET S. CHAMBERLAIN, as Executrix, etc.

Growing grass partakes of the nature of realty, and upon the death of the owner of the land follows it, going to the heir or devisee, not to the personal representatives.

C. died in June, leaving a will by which he gave to his widow a life estate in all his realty and appointed her executrix. The testator's farm was, at his death, occupied by a tenant who worked it on shares; he, after the testator's death, cut the grass and paid over to the executrix the landlord's share of the proceeds of the hay. Upon settlement of the accounts of the executrix she was charged with such share. *Held*, error; that the share was in the nature of rent reserved, which accrued after the testator's death, and the widow was entitled thereto as life tenant.

The executrix had been examined preliminarily in a proceeding distinct from and not a part of the accounting. The contestants offered a por-

tion of such examination in evidence upon the accounting. The surrogate denied a request of the executrix to read the whole thereof, and ruled that only such parts as tended to explain that offered by the other side were admissible in her behalf. *Held,* no error.

(Argued November 29, 1893; decided December 12, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1892, which affirmed a decree of the surrogate of Cayuga county settling the accounts of Margaret S. Chamberlain, as executrix of her husband, Julius A. Chamberlain, deceased.

The testator, by his will, gave his widow a life estate in all his property, real and personal, with remainder at her death, subject to the payment of general legacies, to Julius W. Chamberlain. The executrix presented a claim against the estate and the remainderman notified her that he would require proof of the claim. He applied for, obtained and made a preliminary examination of the executrix under section 2735 of the Code of Civil Procedure, since repealed (Chap. 686, Laws of 1893), and then filed objections to the account. The surrogate, after allowing the executrix part of her claim, charged her, among other things, with the amount received by her for hay grown upon the farm during the year of the testator's death.

Further facts are stated in the opinion.

*Frank S. Coburn* for appellant. The preliminary examination was a part of the accounting, and the evidence there taken should have been considered. (Code Civ. Pro. § 2735.) The whole preliminary examination was proper in explanation of portions of the same, offered by contestant. (*Chesebrough* v. *Conover*, 21 N. Y. Supp. 566.) By offering in evidence declarations and admissions of the executrix, the contestant "opened the doors" as effectually under section 829 of the Code, as if the executrix had been examined personally in regard to transactions with the decedent. (Code Civ. Pro. § 829 ; *Cole* v. *Denne*, 3 Hun, 610 ; *Sandford* v. *Sandford*,

61 Barb. 303.) Surcharging the account with the sum of $173.29, avails of hay raised on the farm for the season of 1889, was clearly error. (*Stall* v. *Wilbur*, 77 N. Y. 163; Redfield's Law & Pr. [3d ed.] 417; *Fisher* v. *Blank*, 138 N. Y. 252.)

*Frederick E. Storke* for respondent. The disallowance by the Surrogate's Court of the items embraced in the memorandum account presents no questions here for review. (*Reynolds* v. *Robinson*, 82 N. Y. 163; *Kingsland* v. *Murray*, 133 id. 170.) The executrix was properly charged with the proceeds of the crops. (*Bradner* v. *Faulkner*, 34 N. Y. 347; *Stall* v. *Wilbur*, 77 id. 158; *Batterman* v. *Albright*, 122 id. 484; 1 Williams on Exrs. [7th ed.] 707.)

ANDREWS, Ch. J. We think the surrogate erred in charging the executrix with the sum of $173.29, the amount received by her for hay grown upon the farm in 1889. The testator died in June of that year, and the tenant of the farm, who worked it upon shares, cut the grass thereafter and paid over to the executrix that sum as her share of the proceeds of the hay, under the agreement with the testator. The executrix was devisee for life of the farm. Growing grass partakes of the nature of realty. Neither at common law nor under our statute does it go as assets to the executor or administrator, but follows the land and belongs to the heir or devisee. (*Evans* v. *Roberts*, 5 B. & C. 820; *Kain* v. *Fisher*, 6 N. Y. 597; 2 Rev. St. 82, § 6, sub. 6.) On the other hand, corn and other annual crops produced by care and cultivation, and not growing spontaneously, are at common law, as between heir and executor or administrator, treated as chattels, and under our statute are assets for the payment of debts even as against the devisee. (Williams on Exrs. vol. 1, p. 70; 2 Rev. St. 82, § 6, sub. 5; *State* v. *Wilbur*, 77 N. Y. 158.)

It must be. assumed, in the absence of evidence, that the executrix took the proceeds of the hay in the character of life tenant and not as executrix. There was no change in the

legal character of the grass by any act or contract of the testator in his lifetime. His share in the proceeds of the grass was in the nature of rent reserved, which accrued after the testator's death. The decree should, therefore, be modified by deducting from the amount charged against the executrix the sum of $173.29, and any interest which may have been allowed thereon.

The other point urged, that the surrogate erred in not permitting the executrix to read in evidence on the accounting the whole of her preliminary examination, is not well taken. That examination was taken under section 2735 of the Code (since repealed) in a proceeding distinct from the accounting and not a part thereof. Her testimony in that proceeding was admissible against her on the accounting as to any material fact, as her admission, but not otherwise. The surrogate properly ruled that only such parts of the testimony as tended to explain such portions as were offered in evidence by the contestant, were admissible in her behalf, and that the fact that a part was offered by the contestant, did not open the door for the admission of the whole testimony.

The judgment below should be modified in conformity with this opinion and as modified affirmed, without costs to either party.

All concur.

Judgment accordingly.