(21 App. Div. 146.)

### SUFFOLK COUNTY v. SHAW.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. PHARMACIST—LICENSE—RIGHTS OF PHYSICIANS.
    Laws 1893, c. 661, providing for the licensing of pharmacists, declares, in section 187, that "this article shall not apply to the business of a practitioner of medicine who is not the proprietor of a store for the retailing of drugs," nor "prevent practitioners of medicine from supplying their patients with such articles as they may deem proper," and defines the term "practice of pharmacy" as "the compounding of prescriptions * * * to be used as medicines or the retailing of any drug," etc. Held, that it exempts physicians from its operation, except when they are engaged in the business of pharmacy, either for themselves or for another; and hence a physician may, without taking out a pharmacist's license, compound a prescription made by another physician.

2. EVIDENCE ON FORMER TRIAL—DECLARATIONS IN INTEREST.
    Where testimony that defendant previously gave in another action was used against him as an admission, he had no right to read other parts thereof, which were merely his declarations, for the purpose of proving affirmative facts constituting a defense.

3. PHARMACY LAWS—VIOLATION—DEFENSES—BURDEN OF PROOF.
    Where one sued for an alleged violation of the pharmacy laws, and shown to have compounded prescriptions without a pharmacist's license, alleged as a defense that he was a physician, the burden was on him to show either registration or license as a physician as required by Laws 1893, c. 661, art. 8, § 140.

4. SAME—ACCUMULATED PENALTIES—RIGHT TO RECOVER.
    Under Laws 1893, c. 661, providing for the licensing of pharmacists, and authorizing a recovery of a prescribed penalty for "every" violation of the act, there may be a recovery of accumulated penalties.

Appeal from trial term.

Action by Suffolk county against James H. Shaw. From a judgment entered on a decision dismissing the complaint on the merits, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

H. E. Miller, for appellant.
Paul Eugene Jones, for respondent.

HATCH, J. This action was brought to recover five penalties claimed to have been incurred by the defendant for a violation of the pharmacy laws of the state, in that he wrongfully and unlawfully practiced pharmacy without having a license authorizing him so to practice, issued to him by the state board of pharmacy; that the violation consisted in the defendant's compounding a prescription to be used as medicine. The complaint contains five counts, each count setting out a violation upon a specified date therein alleged. Upon the trial the plaintiff called as a witness the stenographer who took the testimony upon a trial wherein Suffolk county was plaintiff and Fred A. Overton was the defendant, upon which trial the defendant was called as a witness for Overton, and testified in substance that on several dates, about the times mentioned the complaint, he compounded and filled prescriptions made by other practicing physicians. Having read this testimony, which constituted an admission on the part of the defendant, the defendant's counsel, on cross-examination, asked for other parts of the defendant's testimony. Under objection and exception by the plaintiff, the defendant was permitted to read the testimony, from which it appeared that the defendant testified that he was a physician, and had a sign in the window of the store where he compounded the prescriptions, and had an office there, continuing down to the time of the trial; that he had no interest in the business, owned nothing of the contents of the store, and paid no rent for his occupation; that he did not send his own prescriptions to this store. No other testimony was offered upon the trial, and at the close the court, upon motion of the defendant, dismissed the complaint. This ruling proceeded upon the ground that the spirit and intent of the statute was to prevent incompetent people from compounding drugs, and that a physician was not embraced within its terms, as he was presumed to possess knowledge of drugs, and was therefore excepted from its operation. The provisions of the statute upon this subject are found in chapter 661 of the Laws of 1893, p. 1552, under the head of "Pharmacy." This act is an amendment to the Laws of 1884. It provides for a state board of pharmacy, and the licensing of persons to practice pharmacy. Section 187 provides, inter alia:

"This article shall not apply to the business of a practitioner of medicine who is not the proprietor of a store for the retailing of drugs, medicines, or poisons, and shall not prevent practitioners of medicine from supplying their patients with such articles as they may deem proper; nor shall it apply to persons who sell medicines or poisons at wholesale. * * * The term 'practice of pharmacy,' when used in this article, means the compounding of prescriptions, or of any United States pharmacopœial preparation, or of any drug or poison, to be used as medicines, or the retailing of any drug or poison, except as provided for in this section."

The solution of the question depends upon the construction to be given to the language of exemption in relation to physicians. It is the contention of the appellant that the effect of this language only exempts the physicians so far as the compounding of drugs and the filling of prescriptions are done in the business or practice of the physician; that it is a personal exemption, and does not extend beyond the filling of prescriptions which are prescribed by him in his

practice. This is the narrowest possible view to be taken of this language, and we are not inclined to adopt it. The statute is in the nature of a police regulation, and has for its primary purpose the protection of the public against incompetence and ignorance in the preparation and compounding of drugs which are required to be dealt out on prescriptions by physicians. The business deals with dangerous compounds, from which serious and tragic results have flowed, and the main purpose is to safeguard in that respect. It is manifest that no such objection can apply to a skilled physician. Indeed, the requirement of the statute seeks for competency and training which will enable those engaged therein to follow the direction of the physician intelligently. The purpose and object of a statute may always be resorted to as an aid to its construction, and, with this ascertained, it explains the intent, and enables the courts to construe particular phraseology in accordance with the spirit and purpose of the entire act, and fulfill what it seeks to accomplish. Smith v. People, 47 N. Y. 330. When the literal wording of an act will not carry out the legislative intent, it may be rejected, if, from a survey of the whole, the real meaning of the legislature is made to appear. Bell v. Mayor, etc., 105 N. Y. 139, 11 N. E. 495; End. Interp. St. § 295 et seq. The language of this clause is somewhat ambiguous. The purpose seems, however, to be clear enough to exempt from the operation of the act physicians who are engaged solely in the practice of medicine, and not as the proprietor of a store carrying on the business of merchandising in drugs, medicines, or poisons. If the physician is so engaged, he must take out a license. We can scarcely think it was in the mind of the legislature to prohibit a physician from casually filling a prescription and compounding the drugs necessary therefor, under a penalty of $50, when he might do the same act for himself without violation of the statute. The purpose of this act was not to prohibit physicians from compounding drugs. It seeks to encourage skill and exclude incompetence. There might exist necessity for a physician to fill the prescription made by another physician, and it passes reason to suppose that the legislature intended that such physician should pay a penalty therefor. We have recently held that a similar act is to receive an equitable construction, and this rule applies as well to persons who are exempt from its provisions as to those who violate its terms. People v. Abraham, 16 App. Div. 58, 44 N. Y. Supp. 1077. The entire purpose of this section of the act will be accomplished, as well as the purpose and object of the whole statute, by construing this exemption to exclude physicians except when they are engaged in the business of pharmacy, either for themselves or another. We think it was not intended to embrace an occasional act of filling a prescription made by another physician. This construction brings the act into harmonious relation with section 405 of the Penal Code, and thus meets all of the evils which the law was intended to correct. The definition of the term "practice of pharmacy" does not change this result. That relates to the act, and not to the person who shall practice.

Under this rule the evidence offered by the plaintiff was insuffi-

cient to warrant a recovery for the penalties sued for, if we assume that the defendant was a regularly licensed physician. Of the latter fact, however, there was no legal proof, and for that reason the judgment must be reversed. The plaintiff had the right to read the evidence of the defendant as constituting an admission upon his part that he had filled prescriptions and practiced pharmacy as charged in the complaint. But this gave the defendant no right to prove affirmative facts constituting a defense to such act by the declarations of the witness himself. What he read from other parts of his testimony were mere declarations that he was a physician, and was not interested in the business nor engaged therein. The testimony in this respect did not even qualify the former testimony which had been read, as the subject was not embraced therein. If it had been offered in explanation, it would not have been available for that purpose. Carver v. Barker, 73 Hun, 416, 26 N. Y. Supp. 919; In re Chamberlain, 140 N. Y. 390, 35 N. E. 602. The objection which was interposed should have been sustained, as the exception to the ruling must now be upheld. The evidence was incompetent to prove that the defendant was a physician. Article 8 of the chapter of laws we are considering, by its 140th section, provides that no person shall practice medicine after September 1, 1891, unless previously registered and legally authorized, or unless licensed by the regents, and registered as required by the article. The defendant gave no proof upon the subject, beyond his own declaration made upon the other trial. The obligation rested upon him to prove either registration or license to practice, else he stood without any defense. The law casts this burden upon him. People v. Rontey, 4 N. Y. Supp. 235, affirmed 117 N. Y. 624, 22 N. E. 1128, on opinion below.

We are also of opinion that the plaintiff was entitled to recover accumulated penalties. The language of the act authorizes a recovery for "every such violation." This language is the equivalent of "each offense," which was held to authorize the recovery of cumulative penalties in Suydam v. Smith, 52 N. Y. 383.

It follows that the judgment should be reversed, and a new trial ordered, with costs to abide the event. All concur.