TAFT v. LITTLE.

(Supreme Court, Appellate Division, First Department.　January 9, 1903.)

1. EVIDENCE AT FORMER TRIAL—ADMISSIBILITY—WHAT CONSTITUTES TRIAL.

Code Civ. Proc. § 830, provides that, where a witness has died since the trial of an action, his testimony taken or read in evidence at the trial may be given or read in evidence at a new trial between the same parties, etc.　Decedent had testified on the former trial of an action before a referee, his examination having been apparently completed, but the referee had died before submission of the cause.　Held, that there was a trial, within the statute, so that the witness' testimony thereon could be read in evidence on a new trial.

2. SAME—INTRODUCING PART OF TESTIMONY.

Plaintiff introduced in evidence a part of defendant's testimony given on a former trial, showing admissions against interest.　Held not to be apparent error to refuse to permit defendant to read other parts of the testimony; it not appearing from the record that the parts excluded were explanatory of the portions read by plaintiff.

3. WITNESSES—REFRESHING MEMORY.

There was no error in permitting a witness to testify from a paper made many years before; it being apparent that it was referred to to refresh his recollection of items which, from the lapse of time, in his advanced age, he could not otherwise recall.

4. HARMLESS ERROR.

Error in refusing competent evidence was harmless where other evidence showing the same ultimate fact was afterwards admitted.

Appeal from judgment on report of referee.

Action by Enos N. Taft, as assignee in bankruptcy of George Riker, against William McCarty Little, individually and as executor of Augusta McCarty Little, deceased.　Judgment entered on the report of a referee, and both parties appeal.　Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Robert Thorne, for plaintiff.

Alexander Thain, for defendant.

PATTERSON, J.　This action was begun in January, 1884, to recover for extra work done and materials furnished in repairing and rebuilding premises known as the "Westmorland," situate at the corner of Seventeenth street and Fourth avenue, in the city of New York, by George Riker, the assignor in bankruptcy of the plaintiff. The defendant, Little, and his mother, of whose will he is the executor, at the time the work was done and the materials furnished, were the owners of the property.　There is enough proof in the case to show that they were both liable upon an employment of some one to do this work, such employment being made either directly by the defendant, William McCarty Little, or through the architects or the principal contractor.　William McCarty Little testifies that his mother's interests were entirely in his charge, and that he authorized the architect to employ somebody to do the work.　The question of fact was as to whether the employment was of Weeks, who was the principal contractor for altering the building, or of

¶ 1. See Evidence, vol. 20, Cent. Dig. § 2410.

Riker, to do this extra work, which was not included in the contract
with Weeks. Upon that subject the evidence is conflicting to some
extent. The bill presented by Riker aggregated the sum of $5,-
069.69, but in his decision the referee disallowed every item of extra
work done by Weeks, and every item of extra materials furnished
by him; thus, reducing the amount for which the defendants were
held liable to $2,832.29. There was sufficient proof of each of the
items included in the gross sum allowed by the referee. Judgment
was entered on the report of the referee, and both the plaintiff and
the defendants appeal; the plaintiff claiming that the judgment should
be enlarged by an allowance of other items amounting to $1,008.40,
and asking the court to increase the judgment to that amount, and
the defendants appealing from the whole judgment.

The plaintiff's appeal cannot be sustained without ordering a new
trial, and as in his brief he says he prefers to waive the appeal and
accept the present judgment, rather than have a new trial, he will
be taken at his word, and his appeal dismissed.

The first substantial question requiring consideration arises out of
the referee's permitting to be read in evidence the testimony of D.
C. Weeks, the original contractor, who is now deceased, given by
him on a previous trial of the action before Mr. Rodman, referee,
who died before the case was submitted to him for decision. On
that trial Mr. Weeks gave evidence tending to show that the extra
work claimed by the plaintiff was done by Riker, and that the items
of the work so done were not ordered by him (Weeks), and that he
was present when the work included in Riker's bill was ordered
either by Mr. Little himself or by the architects. This evidence of
Weeks given on the trial before Mr. Rodman, referee, was read from
the record of that trial; the plaintiff claiming the right to do so
under section 830 of the Code of Civil Procedure. The ruling of
the referee in admitting it is now challenged on the ground that
there never was a trial before Mr. Rodman, as referee, inasmuch as
he died before the submission of the cause. This ground is not
tenable. The witness had been examined by the plaintiff and cross-
examined by the defendant, and the defendant had proceeded with
his own case and rested. The testimony was taken in the investiga-
tion of an issue of fact by a competent court, and, so far as the
defendant is concerned, it would appear that the examination of the
witness was exhausted. That was a trial, within the meaning of
section 830 of the Code of Civil Procedure. It might just as well
be said that there never has been a trial of a cause where a jury has
disagreed. The purpose of section 830 of the Code was to enable
resort to be had to the testimony of a deceased witness where that
testimony was given under all the formalities and solemnities of a
regular judicial proceeding in court, and where the witness has been
examined and cross-examined, and his testimony fully completed.
In this connection it may be said that the referee did not err in ex-
cluding letters from the plaintiff's attorney which the appellant now
claims tended to show that the case remained open at the time of the
death of the referee. Those letters merely indicated a desire on the
part of the plaintiff to recall Mr. Weeks, but he was not recalled,

and it is admitted that the case had been finally closed before the referee.

There is an intimation in Beals v. Guernsey, 8 Johns. 446, 5 Am. Dec. 348, that under the former practice the better opinion seemed to be that testimony of a witness at the trial, who had since died, could not be introduced on a retrial unless it was accompanied by the postea or by the record of the former suit. That case does not seem to have been followed in recent times. Morley v. Castor, 63 App. Div. 40, 71 N. Y. Supp. 363, does not affect this case. There the witness whose testimony on the former trial was sought to be resorted to had not been cross-examined. The trial was interrupted to enable the defendant to apply for an amendment of his answer, and the further examination of the witness was suspended in consequence; and it was held, therefore, that the cross-examination was rendered incomplete by no fault of the other party.

It is further claimed on the present trial that the referee erred in refusing to permit the defendant, Little, to read on his own behalf portions of his testimony given on the former reference; the plaintiff having read a part of that testimony. Little had been examined before Mr. Rodman, and on the trial of the present action the plaintiff undertook to show by the record of that testimony on the former hearing admissions of Little against interest. After the plaintiff had introduced as much of the defendant's testimony as he desired, the defendant's counsel offered to read other parts of his testimony, which the referee declined to permit. If these other parts of the testimony of Little given on the former hearing before Rodman, referee, were explanatory of those portions read by the plaintiff, then it was manifestly error to exclude what the defendant offered. Suffolk Co. v. Shaw, 21 App. Div. 146, 47 N. Y. Supp. 349; In re Chamberlain, 140 N. Y. 391, 35 N. E. 602, 37 Am. St. Rep. 568. But the difficulty with the defendant's case now is that the record does not in any way show that those parts of the examination of Mr. Little before Mr. Rodman, referee, sought to be introduced by the defendant, were explanatory of the portions read in evidence by the plaintiff. So far as we can judge by the questions themselves, the answers would not have been explanatory, but would have been in the nature of independent declarations of the witness in his own favor upon an affirmative defense, and as such they were not admissible, although contained in the same record from which the plaintiff read. In re Chamberlain, supra. In preparing the case, the defendant should have inserted those answers in the same way as exhibits marked for identification are brought before the court, so that their sufficiency and admissibility may be passed upon in review of rulings of the trial court excluding them.

We do not think there was error in permitting Riker to testify from a paper made many years ago. It is obvious that that record was referred to to refresh his recollection of items which, from the lapse of time, in his advanced age, he could not recall otherwise than by referring to that memorandum.

It was claimed by the defendants that Riker, the plaintiff's assignor, had in fact no claim against the defendants, but that what-

ever claim existed for this extra work and materials was one which he had asserted and urged against Weeks. To support that view, the defendants offered in evidence the complaint in an action brought by Riker against Weeks for the extra work and materials involved in the present action. That complaint was excluded, and we think erroneously; but the error was harmless, for there came into evidence on the trial of this action every fact that would show the inconsistency of Riker's attitude with respect to the persons liable to him, including the suit against Weeks, and the nature of the claim therein. That inconsistency was sufficiently explained, to the satisfaction of the referee, and we are not disposed to differ with him in his view of that subject.

The judgment should be affirmed, with costs to the plaintiff. All concur; INGRAHAM, J., in result.