ENOS N. TAFT, as Assignee in Bankruptcy of GEORGE RIKER, Respondent, *v.* WILLIAM McCARTY LITTLE, Individually and as Executor of AUGUSTA McCARTY LITTLE, Deceased, Appellant.

1. EVIDENCE — EXPLANATION OF ALLEGED ADMISSIONS. Where portions of evidence taken on a former trial have been read on the theory that they constituted admissions against defendant's interests, he may read in his own behalf any other portion of the same evidence tending to explain such admissions.

2. USE OF MEMORANDA TO ASSIST RECOLLECTION. A witness may use memoranda, as to certain items of work and materials and their value made by another and proved to be correct, for the purpose of refreshing his recollection.

3. TESTIMONY OF CROSS-EXAMINED DECEASED WITNESS TAKEN BEFORE REFEREE WHO DIED BEFORE FINAL SUBMISSION OF PROOFS ADMISSIBLE UPON A SUBSEQUENT HEARING BEFORE ANOTHER REFEREE — CODE CIV. PRO. § 830. The testimony of a deceased witness taken before a referee who died before the evidence was finally submitted to him is not inadmissible upon a subsequent hearing before another referee upon the ground that the former hearing was not a trial within the meaning of section 830 of the Code of Civil Procedure, where the parties against whom such testimony was offered, or their privies, had the right and the opportunity to cross-examine the witness.

4. STATEMENTS THAT WORK WAS EXTRA, WITHOUT PRODUCTION OF CONTRACT OR ACCOUNTING FOR ITS ABSENCE, INADMISSIBLE. Permitting the plaintiff's witnesses, in an action to recover for extra work and material furnished, based upon an alleged oral agreement, supplementary to a written contract which might or might not cover all the work or materials furnished, to state what was extra work without producing the plans, specifications and contract, or at least, properly accounting for their non-production, constitutes reversible error.

5. WHEN COMPLAINT COVERING SAME CLAIM IN ACTION AGAINST THIRD PARTY ADMISSIBLE. The exclusion of the complaint in a previous action by the plaintiff, who was a sub-contractor, against his principal, covering the same claim, also constitutes reversible error, where the principal issue is as to whether the defendant had dealt directly with the plaintiff as an independent contractor or as a sub-contractor, and alleged that by the agreement between the two contractors, the defendant had the right to request alterations from the work provided for in the main contract, the value of which should be added to or deducted from the contract price between the contractors.

*Taft* v. *Little*, 78 App. Div. 74, reversed.

(Argued February 23, 1904; decided March 22, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 2, 1903, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alexander Thain* and *Burton Thompson Beach* for appellant. The referee erred in refusing permission to the defendant to read on his own behalf portions of his testimony given on the former reference explanatory of the part which the plaintiff had read. (1 Greenl. on Ev. [Redf. ed.] § 201; *Grattan* v. *M. L. I. Co.*, 92 N. Y. 274; *Downs* v. *N. Y. C. R. R. Co.*, 47 N. Y. 83; *Rouse* v. *Whited*, 25 N. Y. 170; *Barnes* v. *Allen*, 1 Abb. Ct. App. Dec. 111; *M. L. Ins. Co.* v. *Robinson*, 24 App. Div. 570; *Klock* v. *Brennan*, 82 Hun, 262; *Stedman* v. *Ranney*, 80 Hun, 39; *Ainley* v. *M. Ry. Co.*, 47 Hun, 206; *Matter of Chamberlain*, 140 N. Y. 390.) The evidence sought to be introduced by the excluded questions was clearly competent, the principal issue being that of employment of the plaintiff's assignor by defendant. (*M. Groh's Sons* v. *Groh*, 177 N. Y. 8; *Hoag* v. *Wright*, 174 N. Y. 36; *Stevens* v. *Brennan*, 79 N. Y. 254; *Funston* v. *Gunn*, 99 U. S. 660; *Merrick* v. *Hill*, 77 Hun, 30; *Deutschmann* v. *T. A. R. R. Co.*, 87 App. Div. 503; Abb. Trial Brief [2d ed.], 242–244.) The referee erred in excluding the complaint which Riker had sworn to in his action against Weeks & Co. in 1878. (*Brady* v. *Foster*, 72 App. Div. 416.) The referee erred in permitting the witness Riker to testify from a copy of a paper made many years ago by a person other than himself as to the particulars of changes in the work and the value. (*State Bank* v. *Brown*, 165 N. Y. 216; *Downs* v. *N. Y. C. R. R. Co.*, 47 N. Y. 83.) The proceeding before Mr. Rodman did not amount to a "trial" within the meaning of that term as used in section 830 of the Code of Civil Procedure, the referee having died before the proof was closed and before the cause was submitted to him for decision. (*Mygatt* v.

*Willcox*, 35 How. Pr. 410; *T. Nat. Bank* v. *McKinstry*, 2 Hun, 443; *Vermilyea* v. *Palmer*, 52 N. Y. 471; *Place* v. *B., etc., Co.*, 28 How. Pr. 184; *People* v. *Cole*, 43 N. Y. 508; *Sturm* v. *A. N. I. Co.*, 63 N. Y. 77, 87; *Morley* v. *Castor*, 63 App. Div. 38; *Bradley* v. *Mirick*, 91 N. Y. 293; *Beals* v. *Guernsey*, 8 Johns. 446.)

*Robert Thorne* for respondent. The referee did not err in refusing to permit the defendant to read, in his own behalf, portions of his testimony given upon the former reference. (*Matter of Potter*, 120 N. Y. 89; *Matter of Chamberlain*, 140 N. Y. 391; *Suffolk Co.* v. *Shaw*, 21 App. Div. 146; *Carver* v. *Barker*, 73 Hun, 416.) The referee did not err in permitting the witness, Riker, to refresh his recollection by reference to an old bill of the items in suit. (*Bigelow* v. *Hall*, 91 N. Y. 145; *Carter* v. *Bowe*, 41 Hun, 516.) The referee did not err in permitting the plaintiff to read in evidence the testimony of D. C. Weeks, the deceased witness, given on the previous trial of this action before Thomas H. Rodman as referee. (Code Civ. Pro. § 830.) The record does not present any exceptions to the admission of evidence which require a reversal of the judgment. (*Shaffer* v. *Martin*, 25 App. Div. 501; *McSorley* v. *Hughes*, 58 Hun, 360; 129 N. Y. 659; *Card* v. *Moore*, 68 App. Div. 327.)

WERNER, J. The plaintiff, as asignee in bankruptcy of one George Riker, recovered a judgment against the defendant, individually and as executor of his mother's estate, for labor and materials furnished by Riker for the alteration of a building then owned by the defendant and his mother, and situate at the corner of Fourth avenue and Seventeenth street in the city of New York.

The principal question litigated upon the trial was whether the labor and materials referred to were furnished by Riker upon the direct and independent request of the defendant, or whether the former was purely the sub-contractor of the principal contractors, D. C. Weeks & Son, and was to look to them for payment of his claim.

· Upon this issue the referee herein found that labor and materials of the value of $2,832.29 had been furnished by Riker directly to the defendant, at the latter's request, acting for himself and his mother, and judgment was directed accordingly. This judgment was unanimously affirmed at the Appellate Division, so that the only questions open to review in this court are those arising upon exceptions taken to rulings during the course of the trial.

(1) The referee excluded certain evidence given by the defendant upon a former trial, which his counsel offered to read upon the last trial. The defendant was not present at the last trial owing to his absence from the state. The action had been previously tried, almost to completion, before another referee, who died before · the case was submitted to him for decision. Upon the last trial the plaintiff was permitted to read from the record of the former trial parts of the testimony then given by the defendant because they were claimed to be admissions against his interest. Defendant's counsel offered to read from the same record other parts of defendant's testimony, insisting that they were explanatory of the parts introduced by the plaintiff, but, upon the objections of plaintiff's counsel, they were excluded. If the testimony offered by the defendant was in fact explanatory of that introduced by the plaintiff it was clearly competent (*Matter of Chamberlain*, 140 N. Y. 390, 393), but the learned Appellate Division held, and we think correctly, that there is nothing in the record to show that the rejected evidence was explanatory of other evidence received at the instance of the plaintiff. Counsel for the appellant did, it is true, finally offer to read other parts of the record "explanatory of the questions and answers read by the other side," but this was followed by the reading of quite a number of questions, the answers to which are not printed in the record, and it is, therefore, impossible to determine whether the evidence which appellant's counsel thus sought to introduce was really explanatory or not. The ruling that appellant's counsel would be permitted to read "any part that gives the remainder of an

answer to a question" indicated that the learned referee took too narrow a view of the subject, but, taking into account the vagueness of the record in this respect, as well as the fact that the judgment must be reversed in any event, we simply suggest for the guidance of the court and counsel upon another trial that, when plaintiff's counsel had read portions of defendant's evidence on the theory that they were admissions against his interest, it was competent for the defendant to have read in his own behalf any other portion of the same evidence tending to explain such admissions.

(2) Defendant insists that it was error to permit the plaintiff's witness Riker to testify from a paper made many years before the trial, as to certain items of work and materials, and their value. The record discloses that the paper was a memorandum made by Riker's bookkeeper from items appearing upon his books. These items were entered from original data furnished by Riker's foreman under the supervision of Riker, and the latter testified, not only that he had personal knowledge of their correctness, but that after glancing at the paper he could speak from memory. This practice was well within the settled rule permitting the use of memoranda to refresh the recollection of a witness. (*Wise* v. *Phœnix Fire Ins. Co.*, 101 N. Y. 637; *Bigelow* v. *Hall*, 91 id. 145, 147; *Howard* v. *McDonough*, 77 id. 592.)

(3) Another group of exceptions taken by the defendant relates to the reading in evidence on behalf of the plaintiff of certain portions of the testimony of the deceased witness, D. C. Weeks, one of the firm who had the principal contract with the defendant for the alteration of the building in question. The trial on which this witness had testified was never formally terminated because the former referee had died before the evidence was finally submitted to him. For this reason it is claimed that the former hearing was not a trial within the meaning of section 830 of the Code of Civil Procedure, which provides: "Where a * * * witness has died * * * since the trial of an action, * * * the testimony of the decedent * * * taken or read in evi-

dence at the former trial or hearing, may be given or read in evidence at a new trial or hearing * * * by either party, * * *." It was admitted that on the hearing before the first referee the witness Weeks had been examined and cross-examined in the plaintiff's case and that subsequently the defendant put in his case and rested. "The fundamental ground upon which evidence given by a witness, who afterwards dies, may be read in evidence upon a subsequent trial, is that it was taken in an action or proceeding where the parties against whom it is offered or their privies have had both the right and the opportunity to cross-examine the witness as to the statement offered." (*Young* v. *Valentine,* 177 N. Y. 347.) Here the defendant had full opportunity to cross-examine the witness, and availed himself of it. We think that the former hearing was a trial within the meaning and spirit of the section quoted. The appellant urges, however, that under the case of *Beals* v. *Guernsey* (8 Johns. 446) the record was not admissible without the production of the *postea* of the former trial. The *postea* is simply evidence that a trial was pending, and not that it was legally concluded. (*Pitton* v. *Walter,* 1 Strange, 162; *White* v. *Kibling,* 11 Johns. 128.) Here there was no question of the pendency of the former trial. The exceptions under this head, therefore, present no error.

(4) A more serious question is presented, however, by the exceptions of the defendant to the evidence of the plaintiff's witness Riker, and the evidence of the deceased witness Weeks, read in behalf of the plaintiff, which was relied upon to show that the items involved in plaintiff's claim were extra work and not included in the contract of the defendant with Weeks & Son. Early in the trial of the case it appeared that the work upon the defendant's building had been performed under a written contract between the latter and D. C. Weeks & Son, and pursuant to plans and specifications therein referred to. It was also shown that Weeks & Son had entered into a written sub-contract with Riker, the plaintiff's assignee, for a portion of the work. It is true that the complaint herein was

framed on the theory of a *quantum meruit* for work performed and materials furnished; and that defendant's answer was in effect simply a general denial; but when it became evident that there were written contracts, plans and specifications covering the bulk of the work and materials, these written instruments should have been produced to show whether the work and materials for which plaintiff now seeks to recover, were within the original contracts or not. If, as claimed by the plaintiff, the written instruments could not be found, then the foundation should have been laid for the introduction of secondary evidence. But this was not done. Although there is some evidence tending to show that the contracts, plans and specifications could not be found, the trial did not proceed upon the theory that the plaintiff was giving secondary evidence of their contents. On the contrary, the plaintiff gave direct evidence tending to show the performance of work and the furnishing of materials and their value. This was supplemented by the bald statements of witnesses that this work and these materials were extra and were not within the original contracts, plans and specifications. This summary method of establishing the plaintiff's case utterly ignored the rule that a claim for extra work or materials, based upon an alleged oral agreement, supplementary to a written contract which may or may not cover all the work and materials furnished, necessarily involves proof of the original contract, for without such proof it cannot be determined whether the claim for extra compensation is well founded or not.

This rule is very simply and clearly stated by Lord Abinger C. B., in *Buxton* v. *Cornish* (12 M. & W. 426–429) as follows: "When an action is brought for work done, and a witness proves that the plaintiff did the work, but that it was done under a written contract, then you put in the contract for the purpose of showing what is included within it, and when it is read, you find that the contract does not include the particular work for which the action is brought." (See, also, *Vincent* v. *Cole*, Moody & M. 257; *S. C.*, 3 Carr. & P. 481; and

*Collyer* v. *Collins*, 17 Abb. Pr. 467, op. Leonard, P. J. 476.) We think it was error for the learned referee to permit plaintiff's witnesses to state what was extra work, without producing the plans, specifications and contracts, or at least properly accounting for their non-production.

(5) The appellant also challenges the correctness of the referee's ruling, excluding the complaint in an action by Riker, the plaintiff's assignor, against Weeks & Son, the principal contractors above referred to, and offered in evidence herein by the defendant. It is practically conceded that the allegations of that complaint covered the same work and materials for which the plaintiff now seeks to recover in this action, and it is obvious that the pleading was offered in evidence to contravene plaintiff's present claim. That it was competent for that purpose cannot be doubted, and the learned Appellate Division so decided, but it was thought that the erroneous ruling was harmless, because there was other evidence establishing the same fact, and because the referee had certified that he had allowed the plaintiff to recover only upon those items which were directly ordered by the defendant.

These suggestions are well enough so far as they go, but the fact remains that the real question in the case was whether the defendant had dealt with Riker directly and as an independent contractor, or as the sub-contractor of Weeks & Son. The complaint offered in evidence was not only a direct admission of the latter relation, but it contained an allegation that under the terms of the contract between Riker and Weeks & Son, the defendant was at liberty during the progress of the work to request any alterations, additions, deviations or omissions from the work provided for in the contract between Weeks & Son and the defendant, and that the value of the same should be added to or deducted from the contract price between Riker and Weeks & Son, as the case might be. Attached to that complaint was a copy of the contract between Riker and Weeks & Son, containing the covenant referred to. That contract was made in 1877, while the oral testimony of Riker was given in 1901, when the witness was

eighty-three years of age, and when some of the details of the transactions between him and the defendant may well have passed from memory. Under these conditions the rejected evidence may have been of vital importance, and, for aught we know, might have changed the result.

There are other alleged errors of minor importance which we shall not discuss. It is to be regretted that an action characterized by so many delays and vicissitudes as the one at bar should have to be sent back for a new trial, but the two principal errors above set forth are such that it is impossible to uphold the judgment herein, and it should, therefore, be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur.

Judgment reversed, etc.