GEORGE HEGGOS, JR., an Infant under the Age of Fourteen Years, by GEORGE HEGGOS, His Guardian ad Litem, Respondent, *v.* MILFORD B. STREETER and CHARLES W. DENISON, Copartners Doing Business under the Firm Name and Style of STREETER & DENISON, Appellants.

Second Department, March 28, 1918.

Negligence — injury to infant roller skating on public street — facts insufficient to establish negligence of truck driver — evidence — cross-examination — contradictory testimony given on former trial.

Where in an action to recover for personal injuries to the plaintiff, a lad of eleven years, who, while roller skating in a city street, fell and was injured by the defendant's truck, there is nothing to show that the defendant's driver used improper speed, or was inattentive or lacked control of the horses, the defendant's negligence cannot be predicated upon the mere fact that the boy tripped on a raised metal plate in the asphalt pavement and was struck by the defendant's truck before he could arise.   Under

the circumstances the driver had reason to suppose that the plaintiff would change his course, or would cross the street without falling, so that no negligence can be attributed to the driver in that he did not halt the horses before the plaintiff fell.

Evidence examined, and *held*, insufficient to establish that the plaintiff had left the sidewalk to cross the street and was not skating in the roadway immediately before the collision.

The defendant, on cross-examination of the plaintiff, was entitled to direct his attention to that part of his testimony upon a former trial which contradicts his testimony at the present trial upon the question of credibility and was not compelled to offer in evidence the entire testimony of the witness at the former trial. However, the plaintiff's attorney was then entitled to read in evidence any other part of the former testimony which he deemed pertinent to the question of contradiction.

Appeal by the defendants, Milford B. Streeter and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of June, 1917, upon the verdict of a jury for $3,000, and also from an order entered in said clerk's office on the 27th day of June, 1917, denying their motion for a new trial made upon the minutes.

*Robert H. Wilson*, for the appellants.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and ·*L.· Victor Fleckles* with him on the brief], for the respondent.

Jenks, P. J.:

The action is for negligence. The infant plaintiff, a lad eleven years old, when roller skating in a city street was injured by collision with the defendants' truck traveling in that street.

In his complaint the plaintiff did not specify the negligence. There is no proof to indicate on the part of the defendants' driver improper speed, or inattention, or lack of control of the horses. The plaintiff's theory of negligence seems to rest upon the proof that when the lad started to cross the street the truck was about forty feet away from the line of the lad's crossing. The lad testifies that as he was crossing he slipped upon a " gas-drip "— a raised metal plate in the asphalt pavement — and before he could arise he was caught or struck by a wheel of the defendants' truck.

It seems to us the proof failed to establish that the driver

was not in the observance of due care at the time the lad began the passage. The distance between the lad when he started, and the truck, would have justified the driver to believe that the lad could change his course, or could cross in safety before the truck could reach the line of passage, and the indications are that but for the lad's mishap he would not have come into collision. The driver had the same reason to suppose that the lad would change his course, or would cross without tripping and falling, that the lad had; and no negligence can be attributed to the driver in that he did not halt his horses before the boy fell. (*Fenton* v. *Second Ave. R. R. Co.*, 126 N. Y. 625; *Stabenau* v. *Atlantic Ave. R. R. Co.*, 155 id. 511.)

We think that, even upon the theory that the plaintiff had left the sidewalk to cross the street, the evidence of negligence was not so satisfactory that this verdict should stand. But we are not satisfied with the proof that the lad was crossing the street from the sidewalk where he had been skating, and not skating in the roadway immediately before the collision. If he were skating in the roadway, then there was even less evidence to cast liability upon the defendants.

The defendants' counsel was entitled, upon cross-examination, to direct the attention of the witness to *that part* of his testimony upon the former trial which the counsel thought contradicted the testimony of the witness at the present trial. The examination was allowable merely on the question of credibility. (*McCabe* v. *Brayton*, 38 N. Y. 199.) The counsel in his quest was not compelled to offer in evidence the entire testimony of the witness at the former trial. (*Zibbell* v. *City of Grand Rapids*, 129 Mich. 659; *O'Donnell's Admr.* v. *Louisville Electric Light Co.*, 55 S. W. Rep. 202; Wigm. Ev. § 2098 and note. See, too, *Matter of Chamberlain*, 140 N. Y. 390, 393.) His opponent was entitled to read in evidence any other part of such testimony which he deemed pertinent to the question of contradiction. (*Matter of Chamberlain, supra; Taft* v. *Little*, 178 N. Y. 127; *Platner* v. *Platner*, 78 id. 90.) The learned trial court indicated that its initial ruling upon this question was made by inadvertence, in that it undertook to correct it. Whether the correction was adequate is not entirely plain.

When counsel upon cross-examination of a witness elicits that the witness at a former trial made a certain statement in his answer to a question at that trial, the opposing counsel may upon the redirect examination elicit the full answer that contained the statement.

We think that there should be a reversal of the judgment and the order, and that a new trial should be granted, costs to abide the event.

MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.