JAMES E. CASHMAN, INC., Respondent, *v.* WILLIAM B. SPELLMAN and Another, Comprising the Firm of SPELLMAN & OLIVER, Appellants.

Third Department, June 30, 1931.

L. M. Kellas, for the appellants.

John W. Genaway, for the respondent.

RHODES, J.  Defendants appeal from a judgment entered upon a verdict in favor of plaintiff and from an order denying a motion for a new trial.

The complaint alleges in substance that plaintiff transported for defendants for their benefit, at their request and upon their promise to pay therefor, 96.164 tons of sheet piling at the reasonable value of five dollars per ton.  The amended answer, both as a defense and counterclaim, alleges in effect that defendants had a highway construction contract with the State of New York of which plaintiff had knowledge; that plaintiff agreed to deliver within three days to the defendants the piling in question to be used in the prosecution of defendants' contract with the State; that the plaintiff failed to deliver within the agreed time and failed to perform its said agree-

ment, the counterclaim further alleging that plaintiff's failure resulted in delay in the execution of said highway contract by which defendants suffered damage in the sum of $1,582.86. Upon the trial the defendants attempted to introduce in evidence their said highway contract, with evidence tending to show that the said highway contract and the surrounding facts and circumstances together with the damages which would result from delay, were within the knowledge and contemplation of the parties when the transportation agreement was entered into. For some reason which does not clearly appear in the record, this evidence was excluded upon the plaintiff's objection, to which defendants excepted. Appellants insist that this was erroneous. No question was raised as to the sufficiency of the counterclaim as alleged, in fact this appears to be conceded by respondent in its brief. While respondent now asserts that no proper foundation was laid for the introduction of such evidence, it does not appear that this was the ground for its exclusion. Defendants' attorney stated, after objection to certain of his questions on the subject had been sustained: " If the court please, I want to show the sequence of time right through here, about the delay. The Court: No, I don't think so. I am going to sustain the objection. I read your counterclaim, your alleged counterclaim, and I am going to sustain objections to it. I can't agree with you about the view you take of this." Later, when objections to other questions were sustained, the court said: " We have only got the question of transportation here."

The respondent suggests that the damages claimed to have been sustained by defendants by reason of the delay were too remote and speculative to sustain an award therefor, and that they were not shown to have been within the contemplation of the parties, citing *Griffin* v. *Colver* (16 N. Y. 489); *Messmore* v. *New York Shot & Lead Co.* (40 id. 422); *Masterton* v. *Mayor, etc., of Brooklyn* (7 Hill, 61); *Long Island C. & S. Co.* v. *City of New York* (204 N. Y. 73); *Orester* v. *Dayton Rubber Mfg. Co.* (228 id. 134); *Baldwin* v. *U. S. Telegraph Co.* (45 id. 744). This may be true but cannot now be determined because defendants' evidence having been excluded, is not here for examination. It does appear from the highway contract, marked for identification, that defendants were subject to a penalty of ten dollars per day liquidated damages in case of failure to perform their highway contract within the time stipulated. The defendants were entitled to introduce evidence tending to establish their counterclaim, and its exclusion was error.

At the close of the evidence plaintiff's counsel moved for a dismissal of the counterclaim " upon the ground that there is absolutely

no evidence upon which any counterclaim can be based." The motion was granted. In other words, defendants' evidence to establish their counterclaim having been excluded, their counterclaim was dismissed because the evidence was not in. Defendants are correct in asserting that they have been prejudiced thereby.

Appellants also complain of an error in the charge wherein the court stated to the jury in substance that there was no unreasonable delay on plaintiff's part in making delivery of the piling. This portion of the charge was excepted to. The defendants, by their separate defense as well as by their counterclaim, had set up a failure of performance of the contract by reason of the plaintiff's failure to make delivery within the time agreed upon. Evidence offered by defendants tending to establish delay having been erroneously excluded the charge to the disadvantage of defendants was based on the lack of evidence thus ruled out. In this the defendants' rights were prejudiced.

Objection is also raised by defendants as to certain rulings in the admission and exclusion of evidence. Plaintiff produced a copy of a letter addressed to and claimed to have been mailed to the defendants concerning the subject-matter. Receipt of the letter was denied by defendants. Plaintiff's witness then testified that it was mailed " in the ordinary course of business." Obviously this statement was a conclusion. No facts were proven showing how the letter was mailed or what was done with it. Over defendants' objection, the letter was received in evidence. If plaintiff desired to avail itself of the inference that defendants received the letter, which would arise from proper mailing, it was incumbent upon plaintiff to establish that it was mailed. The letter was thus improperly received.

A further error is complained of by appellants with reference to the cross-examination of defendants' witness Spellman. A letter, plaintiff's Exhibit 6 for identification, was not received in evidence. The witness was cross-examined with reference to certain statements in the letter and testified that he had made such statements. On redirect examination defendants' counsel attempted to show in explanation of such statements other statements contained therein and accompanying the same. These were excluded. The witness having been asked concerning part of his statement, the defendants were entitled to have the entire statement before the jury to show what he actually said. Plaintiff could not have the benefit of part of the statement to affect the credibility of the witness without having the entire statement in evidence so that the jury might know exactly what the witness had said in determining how far his credibility had been affected. (*Gildersleeve* v. *Landon*, 73 N. Y. 609;

*Grant* v. *Pratt & Lambert,* 52 App. Div. 540; *Platner* v. *Platner,* 78 N. Y. 90; *Heggos* v. *Streeter,* 182 App. Div. 525.)

Other questions raised by appellants as to alleged errors in admission or exclusion of evidence have been examined but present no valid grounds for exception and are, therefore, not discussed here.

In view, however, of the errors above referred to, the judgment and order appealed from should be reversed on the law and facts and a new trial granted, costs to abide the event.

All concur.

Judgment and order reversed on the law and the facts and new trial granted, with costs to the appellants to abide the event.